UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RANDY D.,

          Plaintiff,

        v.                             **DECISION AND ORDER**
                                                      20-CV-836S
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

        1.        Plaintiff Randy D.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since February 9, 2014, due to various physical and mental conditions.  Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

        2.        Plaintiff filed applications for disability benefits and supplemental security income on March 24, 2016.  After denial at the agency level, Plaintiff proceeded to a video hearing before an ALJ, which took place before ALJ Eric Eklund on February 26, 2019.  At the time of the hearing, Plaintiff was 54 years old, with at least a high school education (GED), and no past relevant work.  The ALJ considered the case *de novo* and, on March 13, 2019, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on May 7, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3.     Plaintiff filed the current action on July 6, 2020, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on April 29, 2021.  (Docket Nos. 10, 14, 16, 17.)  The Clerk of Court assigned the case here on October 6, 2021, at which time this Court took the motions under advisement without oral argument.  (Docket No. 18.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.     A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. §§ 405 (g), 1383 (c)(3).

5.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then

---

[2] The ALJ's March 13, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.     As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

        9.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

        10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

> perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since February 9, 2014, the alleged onset date (R. at 14);[3] (2) Plaintiff had multiple severe impairments within the meaning of the Act[4] (R. at 14-15); (3) Plaintiff does not have an impairment or

---

[3] Citations to the underlying administrative record are designated as "R."

[4] The ALJ found that Plaintiff had the following severe impairments:

> degenerative disc disease with spurring at the C3-C4 and C5-C6; narrowing at the C3-C4 with moderate foraminal narrowing at the C5-C6; retrolisthesis of C5 relative to C6; mild scoliosis; right AC joint osteoarthritis; right shoulder impingement; right shoulder rotator cuff tear; chronic obstructive pulmonary disease; asthma; history of syncope and collapse; and attention deficit disorder.

combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 15-18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967 (b), with certain exceptions[5] (R. at 18-25); (5) Plaintiff had no past relevant work (R. at 25); and (6) Plaintiff could perform jobs that exist in significant numbers in the national economy given his age, education, work experience, and RFC (R. at 26). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from February 9, 2014, through March 13, 2019.  (R. at 12, 26.)

13.    Plaintiff offers a single challenge to the ALJ's decision: He argues that the RFC determination is not supported by substantial evidence because the ALJ impermissibly based it on his own lay interpretation of bare medical evidence, rather than a fully credited medical opinion.  In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

---

(R. at 14.)

[5] The ALJ found that Plaintiff had the RFC to perform light work, with the following exceptions:

> no climbing of ladders, ropes, or scaffolds; no crawling; occasional climbing balancing, stooping, kneeling, and crouching; occasional climbing of ramps and stairs; frequent rotation and extending of the neck; occasional foot control operations; occasional pushing and pulling with the right upper extremity; frequent reaching with the right upper extremity; overhead reaching no more than 5% of the work day with the right upper extremity; no exposure to extreme could, heat, wetness, humidity, concentrated chemicals, dusts gasses, and poorly ventilated areas; no exposure to moving machinery and unprotected heights no driving in the work setting; work is limited to simple, unskilled work in a los stress job setting defined as occupation requiring only occasional decision-making and only occasional changes in the work setting.

(R. at 18.)

14.     RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record.  See 20 C.F.R. §§ 404.1545 (a)(1), 416.945 (a)(1).  Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  See 20 C.F.R. §§ 404.1513 (a)(1)-(5), 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  All of this evidence must be considered in determining RFC, "not just . . . the medical opinions alone."  Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *5 (W.D.N.Y. Jan. 4, 2021) (citing Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018)).

15.     While the ALJ is precluded from substituting his or her own lay opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  And the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. Id.  Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity."  Richard B., 2021 WL 22504, at *4.

16. Here, the ALJ determined that Plaintiff could perform light work, with the exceptions set out in footnote 5 above. (R. at 18-25.) To be considered capable of performing a full range of light work, an individual must generally have the substantial ability to lift 20 pounds or less at a time, frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, and push and pull arm or leg controls while seated. See 20 C.F.R. §§ 404.1567 (b), 416.967 (b).

17. The ALJ reached his RFC determination after reviewing and evaluating the record evidence. First, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his physical symptoms were not entirely consistent with the medical evidence. (R. at 19-20.) In doing so, the ALJ explained his consideration of Plaintiff's statements as weighed against the medical evidence (including physical exam findings, diagnostic evidence, and treatment notes) pertaining to each severe impairment. (R. at 19-20 (shoulder and back impairments); R. at 20-21 (neck pain with radiating symptoms); R. at 21-22 (COPD and asthma); R. at 22-23 (ADD and syncope (fainting)). In each case, the ALJ found insufficient objective evidence to support a finding that Plaintiff is unable to perform a reduced range of light work consistent with the RFC. Notably, the ALJ found it significant that Plaintiff's course of treatment for his shoulder and neck pain remained routine and conservative (R. at 20), that Plaintiff failed to consistently use his narcotic pain medication according to his controlled-substance agreement (R. at 20), that Plaintiff postponed scheduled shoulder procedures for non-medical reasons (R. at 21), and that Plaintiff routinely advised his medical providers that he was actively working and pursuing employment in the construction field (R. at 14, 21, 23-24).

9

18. Second, the ALJ found that Plaintiff's admitted activities of daily living were inconsistent with the significant limitations he alleged, including independently performing nearly all activities of daily living (R. at 23), independence managing financial affairs (R. at 23), working in the construction field (R. at 14, 21, 23-24), doing yard work (R. at 23), and working as a handyman (R. at 24). In summarizing his findings, the ALJ wrote that "[t]he claimant's ability to perform strenuous work in construction and maintenance jobs (whether reported or unreported earnings) is persuasive evidence that he has the physical capacity to perform a reduced range of light work as defined by the [RFC]." (R. at 24.)

19. Third, the ALJ considered the only medical opinion concerning Plaintiff's physical limitations. That opinion was rendered by David Brauer, M.D., who opined that Plaintiff had no limitation in the ability to sit, stand, or walk; and had only mild limitations in climbing, pushing, pulling, carrying heavy objects, and raising objects about his head. (R. at 24.) The ALJ afforded Dr. Brauer's opinion "partial weight" because it was not a function-by-function assessment of Plaintiff's maximum abilities despite his impairment. (Id.) The ALJ did, however, credit Dr. Brauer's opinion to the extent that his findings of mild limitations were inconsistent with a finding of disability. (Id.) Plaintiff did not submit any treating-physician medical-source statements regarding his physical functioning, which the ALJ found detracted from his claim. (Id.)

20. As to Plaintiff's mental limitations, the ALJ considered Nurse Practitioner Debra Stacey's opinion but gave it little weight. (R. at 25.) Stacey determined that Plaintiff had a global assessment of functioning (GAF) score of 70, but the ALJ found that the assessment was not representative of Plaintiff's baseline functioning with continued psychiatric treatment. (R. at 25.) And again, the ALJ noted that Plaintiff failed to submit

any treating-physician medical-source statement regarding his mental functioning, which weakened his claim. (R. at 24.)

21. Against this backdrop, Plaintiff argues that the RFC determination is unsupported by substantial evidence because the ALJ gave only partial weight to Dr. Brauer's opinion, leaving the RFC unsupported by any medical opinion evidence. Medical opinion evidence, however, is just one subset of evidence that the ALJ must consider in reaching an RFC determination. See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5). While medical opinion evidence is undoubtedly important, it is not error, *per se*, for an ALJ to formulate an RFC in the absence of it, so long as the RFC determination is otherwise supported by the evidence as a whole. See, e.g., Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8-9 (2d Cir. Jan. 18, 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], a medical source statement or formal medical opinion is not necessarily required") (quotation marks and citations omitted); Johnson v. Colvin, 669 F. App'x 44, 46-47 (2d Cir. 2016) ("[B]ecause the record contained sufficient other evidence supporting the ALJ's determination and because the ALJ weighed all of that evidence when making his residual functional capacity finding, there was no 'gap' in the record and the ALJ did not rely on his own 'lay opinion.'"); Desirae D. v. Comm'r of Soc. Sec., CASE # 20-cv-54, 2021 WL 2042576, at *4 (W.D.N.Y. May 21, 2021) ("The Second Circuit has rejected plaintiff's argument and held that an RFC may be supported by substantial evidence, even if it does not correspond to any particular medical opinion.") (collecting cases). Here, the ALJ found an RFC *more* restrictive than Dr. Brauer's opinion, and the RFC is amply supported by the cited medical evidence.

22. Plaintiff further appears to argue that the ALJ impermissibly interpreted diagnostic imaging that Dr. Brauer did not review. Plaintiff does not explain how the ALJ "translate[d] radiologic reports," see Plaintiff's Memorandum, Docket No. 14-1, p. 15, but in any event, an ALJ is permitted to consider all relevant medical evidence, including diagnostic imaging. See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5). This Court's review of the record reveals no impermissible interpretation of bare medical findings by the ALJ, but rather, a consideration of diagnostic findings in arriving at an appropriate RFC, which, again, is more restrictive than the submitted medical opinion evidence.[6]

23. As set out above, the ALJ's RFC determination is the product of his consideration and weighing of Plaintiff's subjective assessment of his physical limitations, his daily activities, the objective medical evidence, and the medical opinion evidence. See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5). As he is required to do, the ALJ properly weighed all of the available evidence to make his RFC determination, and there is no indication that he substituted his own opinion for that of any medical provider or impermissibly interpreted bare medical findings. See Matta, 508 F. App'x at 56. The RFC is also consistent with the credited portion of Dr. Brauer's opinion and the record evidence as a whole. See Richard B., 2021 WL 22504, at *5 (noting that an ALJ must formulate RFC based on the record as a whole). Moreover, the reasoning and record support for each component of the RFC is explained in the ALJ's decision.

---

[6] Plaintiff also includes an undeveloped argument that the ALJ impermissibly interpreted the evidence concerning his mental limitations, but again, avers no specific error in the ALJ's consideration of that evidence. See Plaintiff's Memorandum, Docket No. 14-1, p. 16.

24. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  February 16, 2022
        Buffalo, New York

                                           s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge